# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENNETH J. | * |
| v. | * Civil Case No. GLR-18-1547 |
| COMMISSIONER, SOCIAL SECURITY[1] | * |

*************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-referenced case has been referred to me for review of the dispositive motion filed by the Social Security Administration ("SSA"), ECF 13, and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). ECF 4. Plaintiff, who appears *pro se,* did not file a motion for summary judgment or a response to the SSA's Motion for Summary Judgment.[2] I have considered the SSA's Motion. ECF 13. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I recommend that the Court deny the SSA's motion, that the Court reverse the SSA's decision in part pursuant to sentence four of 42 U.S.C. § 405(g), and that the Court remand the case to the SSA for further proceedings in accordance with this Report and Recommendations.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] After the SSA filed its Motion for Summary Judgment on November 27, 2018, ECF 13, a Rule 12/56 letter was mailed to Plaintiff, advising him of the potential consequences of failure to oppose the SSA's motion. ECF 14. Plaintiff still did not respond.

Plaintiff filed a claim for Supplemental Security Income on November 6, 2014, alleging a disability onset date of January 1, 2007. Tr. 173-82. His claim was denied initially and on reconsideration. Tr. 88-91, 93-94. After an initial continuance to permit Plaintiff to retain counsel, Tr. 58-62, a hearing was held on February 10, 2017, before an Administrative Law Judge ("ALJ"). Tr. 31-57. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12-25. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "substance abuse, affective disorder, personality disorder, osteoarthritis, [and] upper extremity ulcerations due to intravenous drug use." Tr. 14. Despite these impairments, the ALJ determined that, if Plaintiff stopped substance use, he would retain the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he can utilize his lower extremities for pushing, pulling, and operation of foot controls on a frequent, but not constant, basis, can only occasionally utilize his upper extremities for pushing or pulling, and is limited to performing simple routine and repetitive tasks, with no more than occasional and non-intensive interpersonal interaction with members of the general public, coworkers, and supervisors.

Tr. 19. After considering the testimony of a vocational expert ("VE"), the ALJ determined that, if Plaintiff stopped substance use, there would be a significant number of jobs in the national economy that he could perform, and that therefore he was not disabled. Tr. 24-25.

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical

findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, while substantial evidence supports portions of the ALJ's decision, the ALJ committed reversible error in assessing Plaintiff's concentration, persistence, or pace.

Initially, the ALJ ruled in Plaintiff's favor at step one of the five-step sequential evaluation, and determined that he has not engaged in substantial gainful activity since his application date. Tr. 14; *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Plaintiff claimed prevented him from working. Tr. 14; *see* 20 C.F.R. § 416.920(a)(4)(ii). After finding at least one of Plaintiff's impairments severe, Tr. 14, the ALJ continued with the sequential evaluation and considered, in assessing Plaintiff's RFC, the extent to which his impairments limited his ability to work.

Because the ALJ determined that Plaintiff was affected by substance abuse, the ALJ appropriately considered the totality of Plaintiff's impairments, then determined whether Plaintiff's mental and physical impairments would remain if he stopped substance use. *See* 20 C.F.R. § 416.935. Initially, the ALJ concluded that considering all of Plaintiff's impairments including the substance use disorder, Plaintiff would be incapable of "working on a fulltime basis in competitive employment." Tr. 16. However, as mandated by the regulations, the ALJ then completed the remainder of the sequential evaluation assuming that Plaintiff discontinued substance use.

The ALJ determined that Plaintiff's other existing impairments would remain severe. Tr. 18. At step three, the ALJ determined that Plaintiff's remaining severe impairments did not meet, or medically equal, the criteria of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017). Tr. 18-19. Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt.

3

404, Subpt. P, App. 1 § 12.00 (2017). Those listings consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* §§ 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A). Paragraph B consists of four broad functional areas including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b).

The SSA employs the "special technique" to rate a claimant's degree of limitation in each functional area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 416.920a(b), (c)(2) (2017). The SSA uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* § 416.920a(c)(4). A moderate limitation signifies that the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F)(2)(c) (2017). Here, the ALJ concluded that if he stopped substance use, Plaintiff would have only "mild" limitations in understanding, remembering, or applying information and adapting or managing oneself, and "moderate" limitations in interacting with others and concentration, persistence, or pace. Tr. 18-19. The ALJ supported those assessments with citations to the evidence of record. *Id.* Accordingly, the ALJ did not err in his step three conclusion.

In considering Plaintiff's RFC if he were to refrain from substance use, the ALJ summarized Plaintiff's subjective complaints from his hearing testimony. Tr. 20. The ALJ also reviewed Plaintiff's examination and treatment records, and assigned weight to the opinions of various consultative examiners and treating physicians. Tr. 20-24.

The flaw in the ALJ's reasoning lies in the dictates of *Mascio v. Colvin,* 780 F.3d 632 (4th Cir. 2015). In that case, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of Plaintiff's "moderate limitation" in concentration, persistence, or pace. *Id.* at 638. The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(E)(3).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE— and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's

5

moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Here, at step three, the ALJ cited to medical evidence supporting the conclusion that, if the substance use was stopped, Plaintiff would have moderate limitations in concentration, persistence, or pace. Tr. 18-19. However, contrary to *Mascio's* requirements, the ALJ did not impose any RFC restriction to address that limitation, and did not explain the reasons for the omission. Tr. 19 (limiting Plaintiff, in relevant part, only to "simple routine and repetitive tasks"). The restriction imposed in this case is directly analogous to that deemed insufficient by the Fourth Circuit in *Mascio*. Moreover, as the ALJ noted, one of the State agency physicians, Dr. Jackson, had opined that Plaintiff would have a moderate limitation in concentration, persistence, or pace, specifically in his ability to "maintain attention and concentration for extended periods," "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances," and "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." Tr. 83. Dr. Jackson further found that Plaintiff's "sustained attention will be variable." *Id.* However, the ALJ's RFC assessment only addresses the complexity of work Plaintiff could perform (which was a separate issue addressed by Dr. Jackson), and not Plaintiff's ability to sustain such work at a competitive pace over an eight-hour workday. Although the ALJ assigned "great weight" to Dr. Jackson's findings, he did not discuss the limitations in Plaintiff's concentration, persistence, or pace anywhere in the opinion. Accordingly, I recommend remand for the ALJ to provide an analysis consistent with *Mascio*'s requirements. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff was not disabled is correct.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

(1) the Court DENY Defendant's Motion for Summary Judgment, ECF 13;

(2) The Court REVERSE IN PART the SSA's decision under sentence four; and

(3) The Court order the Clerk to REMAND the case to the SSA for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: January 8, 2019                         /s/
                                                                Stephanie A. Gallagher
                                                                United States Magistrate Judge